# Henry M. Johnston, Appt., v. People's Natural Gas Company et al.

The transportation and supply of natural gas for public consumption is a public use, and the right of eminent domain granted to corporations by the 10th section of the "Act to Provide for the Incorporation and Regulation of Natural Gas Companies," May 29, 1885, Pub. L. 29, is within the constitutional power of the legislature to grant.

(Argued November 5, 1886. Decided November 15, 1886.)

October Term, 1886, No. 177, W. D., before GORDON, PAXSON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ. Appeal

Cited in Kincaid v. Indianapolis Natural Gas Co. 124 Ind. 577, 8 L. R. A. 604, 19 Am. St. Rep. 113, 24 N. E. 1066, holding that the work of supplying cities with natural gas is a public one, for which property may be taken under right of eminent domain; in St. Mary's Gas Co. v. Elk County, 191 Pa. 461, 43 Atl. 321, holding a natural gas company engaged in a public business and not taxable upon land which contains gas, and which is necessary to carry out the public purpose; in Scranton v. Scranton Electric Light & P. Co. 8 Pa. Co. Ct. 630, 1 Lack. Jur. 393, holding an electric

from a decree of the Court of Common Pleas No. 2 of Allegheny County dismissing a bill for an injunction against the appropriation of appellant's land by the defendants, for the purpose of laying pipes therein for the transportation of natural gas.   Affirmed.

This bill was filed to test the question whether or not the grant of eminent domain to natural gas companies was constitutional. No testimony was taken because it was thought that for the pur-

light company, supplying light, heat, and power, engaged in a public business and its property, necessary in the carrying on of such public purpose, exempt from local taxation.

NOTE.—Private property can be taken under the power of eminent domain only where public exigencies demand it.   West River Bridge Co. v. Dix, 6 How. 507, 545, 12 L. ed. 535, 550.

The power can never be exercised by a private corporation where there is no public use connected with the taking.   Re Albany Street, 11 Wend. 149, 25 Am. Dec. 618; Bloodgood v. Mohawk & H. R. Co. 18 Wend. 55, 31 Am. Dec. 313; Re John & C. Streets, 19 Wend. 659; Taylor v. Porter, 4 Hill, 142, 40 Am. Dec. 274; Beekman v. Saratoga & S. R. Co. 3 Paige, 73, 22 Am. Dec. 679; Embury v. Connor, 3 N. Y. 511, 53 Am. Dec. 325; White v. White, 5 Barb. 474; Sadler v. Langham, 34 Ala. 311; Hepburn's Case, 3 Bland, Ch. 95; Dunn v. Charleston, Harp. L. 189; Bankhead v. Brown, 25 Iowa, 540; Dickey v. Tennison, 27 Mo. 373; Concord R. Co. v. Greely, 17 N. H. 47; Cooper v. Williams, 5 Ohio, 393, 24 Am. Dec. 299; Buckingham v. Smith, 10 Ohio, 296; Kramer v. Cleveland & P. R. Co. 5 Ohio St. 146; Pittsburgh v. Scott, 1 Pa. St. 309; Pratt v. Brown, 3 Wis. 603.   And see Fanning v. D. M. Osborne & Co. (N. Y.) 3 Cent. Rep. 453, and note.

The right of eminent domain can be exercised by private corporations in aid of an undertaking to subserve the public interest where there is a public use attached.   Buffalo & N. Y. C. R. Co. v. Brainard, 9 N. Y. 100; Weir v. St. Paul, S. & T. F. R. Co. 18 Minn. 155, Gil. 139; Boston Water Power Co. v. Boston & W. R. Corp. 23 Pick. 360; Giesy v. Cincinnati, W. & Z. R. Co. 4 Ohio St. 308.

But the power can be exercised only when some public need is to be supplied or some present public advantage gained.   Edgewood R. Co.'s Appeal, 79 Pa. 257.

The question of what is a public use is to be determined by the courts. Tyler v. Beacher, 44 Vt. 648, 8 Am. Rep. 398; New Central Coal Co. v. George's Creek Coal & I. Co. 37 Md. 537; Parham v. Decatur County Justices, 9 Ga. 341; Anderson v. Turbeville, 6 Coldw. 150; Memphis Freight Co. v. Memphis, 4 Coldw. 419; Sadler v. Langham, 34 Ala. 311; Consolidated Channel Co. v. Central P. R. Co. 51 Cal. 269; 2 Kent, Com. 340; note to Barre R. Co. v. Montpelier & W. River R. Co. 4 L. R. A. 785.

Where a use has been declared to be public by the legislature, the courts will hold it such, unless the contrary clearly appears.   Bankhead v. Brown, 25 Iowa, 540; Hanson v. Vernon, 27 Iowa, 28, 1 Am. Rep. 215; Concord R. Co. v. Greely, 17 N. H. 47; Olmstead v. Camp, 33 Conn. 532, 89 Am. Dec.

poses of the case the facts as generally known and understood could not be made clearer by any amount of evidence.

The bill alleged that said company and the other defendants, who are its officers and agents, on September 15, 1885, entered upon complainant's farm against his will and without his consent and began to dig a ditch thereon and are threatening to take and occupy a strip of ground through said farm one rod in width and 212½ rods in length and are proceeding to dig ditches along said strip of land and lay pipes therein for the transportation of natural gas. The answer alleged that the uses described

221; Edgewood R. Co.'s Appeal, 79 Pa. 257; Hazen v. Essex Co. 12 Cush. 477.

No person or corporation can exercise the power of eminent domain, unless expressly authorized to do so by the legislature. 2 Morawetz, Priv. Corp. § 768.

The governor, by charter, cannot take away a citizen's constitutional right of property, nor confer the right of eminent domain. Com. ex rel. Chase v. Harding, 87 Pa. 343, 353.

The legislature is the proper body to determine the necessity of the exercise of the power, and the extent to which it shall be carried. North Missouri R. Co. v. Gott, 25 Mo. 540; Bonaparte v. Camden & A. R. Co. Baldw. 205, Fed. Cas. No. 1,617; Concord R. Co. v. Greely, 17 N. H. 47; Hingham & Q. Bridge Turnp. Corp. v. Norfolk County, 6 Allen, 353; Waterworks Co. v. Burkhart, 41 Ind. 364; Challiss v. Atchison, T. & S. F. R. Co. 16 Kan. 117.

But even the legislature has not the right to take the property of one individual or corporation and give it to another for a private use even if ample compensation is provided. Hepburn's Case, 3 Bland, Ch. 95; West River Bridge Co. v. Dix, 6 How. 507, 12 L. ed. 535; Bangor & P. R. Co. v. McComb, 60 Me. 290. And an abuse of a general act authorizing condemnation will not be tolerated. Bankhead v. Brown, 25 Iowa, 540.

The same determination is reached in Pittsburgh's Appeal, 115 Pa. 4, 7 Atl. 778.

As to what purposes are public, see also the following editorial notes, presenting the authorities on their respective subjects: Drainage of private lands as public purpose for which power of eminent domain may be exercised. note to *Re* Tuthill, 49 L. R. A. 781; acquisition of water supply, note to Stearns v. Barre, 58 L. R. A. 240; acquirement of right of way for levee, note to State ex rel. Jones v. Froehlich, 58 L. R. A. 757; to establish private road, note to Latah County v. Peterson, 16 L. R. A. 81; for what purpose flowage of land may be authorized by statute, note to Turner v. Nye, 14 L. R. A. 487; relocation of railroad, note to Lusby v. Kansas City, M. & B. R. Co. 36 L. R. A. 510; for railroad siding to private establishment, notes to Barre R. Co. v. Montpelier & W. River R. Co. 4 L. R. A. 785, and St. Louis, I. M. & S. R. Co. v. Petty, 20 L. R. A. 434; as to what constitutes a public use as constituting a question for the court, note to Barre R. Co. v. Montpelier & W. River R. Co. 4 L. R. A. 785.

in the act of assembly constitute public uses and not private uses. It denied that the act was unconstitutional by reason of not disclosing in its title the purpose of the legislature to grant to natural gas companies the right of eminent domain.

The case was ordered by the plaintiff upon the equity argument list for hearing on bill and answer.

After argument and upon consideration of the demurrer to the answer filed by the complainant, judgment was entered therein in favor of the defendants and the bill of complainant was dismissed, with costs, and a decree was entered accordingly; whereupon complainant took this appeal, assigning as error the action of the court in entering such decree.

*Hughey & Bennett* and *John S. Ferguson,* for appellant.— There was nothing in the act of April 29, 1874, which authorized streets, etc., to be used, against the will of the landowner, upon making compensation to him, and therefore it may fairly be said that there was no grant to companies "for the manufacture and supply of gas, or the supply of light or heat to the public by any other means," of the right of eminent domain. The right to enter upon the streets did not give the right as against the landowner. Sterling's Appeal, 111 Pa. 35, 2 Cent. Rep. 49, 56 Am. Rep. 246, 2 Atl. 105.

The failure of the legislature to declare in the title to the act of 1885 its purpose to make this extraordinary grant was misleading and a violation of the true intent and meaning of the constitutional provision that "no bill shall be passed, except appropriation bills, containing more than one subject, which shall be clearly expressed in the title," and to that extent the act is void. Dorsey's Appeal, 72 Pa. 192; Union Pass. R. Co.'s Appeal, 81 *Pa. 91.

It is said that so omnipotent is the power of Parliament that its determination that any particular purpose was a public use would not only establish the necessity but also the propriety of the exercise of the power. 1 Bl. Com. 160. But such is not the rule under our Constitution.

The determination of the legislature is not conclusive that a purpose for which it directs private property to be taken is a public use; but is conclusive, if the use is public, that the necessity exists which requires that property be taken. Talbot *v.* Hudson, 16 Gray, 417.

If the legislature attempts, under the power of taking property by the right of eminent domain, to take property not for public use, then the courts may prevent it. Speer v. School Directors, 50 Pa. 150.

We contend that the state can never delegate to any corporation the right to take private property for its uses, except where the corporation is created to perform some governmental function, and the grant of such right is necessary to enable the company to perform such governmental function. Eminent domain in any sovereignty exists only for its own purposes. People ex rel. Trombley v. Humphreys, 23 Mich. 471, 9 Am. Rep. 94; Darlington v. United States, 82 Pa. 382, 22 Am. Rep. 766.

Whenever a person carries on any business and furnishes articles which members of a community find it convenient or advantageous to buy, then his business is a public use. Todd v. Austin, 34 Conn. 78.

This is not the law of Pennsylvania. If it is, the plaintiff here has no case. Dams, known as splash dams, for the purpose of floating timber, which the public had a right to use, have been sustained as a public use. Finney v. Somerville, 80 Pa. 59.

But this is evidently in the nature of the improvement of a highway.

An act was passed confirming the title of claimants under Connecticut grants to certain lands in Luzerne county, and providing compensation for the claimants under the Pennsylvania title; but notwithstanding the importance to the state of the settlement of this dispute the act was held to be invalid as a condemnation of property for private use. Van Horne v. Dorrance, 2 Dall. 304, 1 L. ed. 391.

The policy of the law against the perpetual encumbrance of property did not avail to sustain the constitutionality of the Philadelphia ground rent act. Palairet's Appeal, 67 Pa. 479, 5 Am. Rep. 450.

The so-called private road laws in Pennsylvania have only been upheld because the public have a right to use the road. If the public may use the way, the way is public although it may be termed a private road. *Re* Killbuck Private Road, 77 Pa. 39; Waddell's Appeal, 84 Pa. 90.

They have also been sustained on the ground that the public have a right to compel the attendance of any citizen upon the tribunals of justice, and have an interest in his attendance upon

elections, and therefore are bound to provide the citizen a way to enable him to discharge his civil and social duties. Robinson v. Swope, 12 Bush, 21.

The lateral railroad acts have been sustained substantially on the same grounds as the private road laws. They may be used by all who will pay proper toll. Brown v. Corey, 43 Pa. 495; Boyd v. Negley, 40 Pa. 377; Hays v. Risher, 32 Pa. 169.

Again; in Pennsylvania the courts have held that the lateral railroad acts cannot be abused for purposes purely private. Edgewood R. Co's Appeal, 79 Pa. 257.

By a majority in Speer v. School Directors, 50 Pa. 150, the bounty acts were held to be for a public purpose, although this was an exercise of the taxing power and not of the right of eminent domain.

The legislature cannot authorize the construction of a private way through the property of another, not connected with a public highway, but merely for the convenience of the owner of two unconnected properties. Waddell's Appeal, 84 Pa. 90.

This was a case where the legislature authorized the owners of coal properties lying on both sides of a stream to connect them by going through adjoining properties.

It has been held that private property may be taken for a schoolhouse. Long v. Fuller, 68 Pa. 170.

Indeed an examination of all the Pennsylvania cases will show that where the grant or exercise of the right of eminent domain has been sustained, the use held to be public has been either:

1. A purely governmental purpose, whether carried on by the state itself through some of its departments or by local governments such as those of cities and towns.

2. Means and methods for the transit of passengers or goods, whether constructed by the state or its subordinate local governments or by private enterprise—such as canals, railroads; public highways, turnpikes, and bridges for the general public.

3. Measures of police and especially those designed for public health and recreation, such as public parks, etc. In no case has a use been held to be public, upon the theory that the business which is proposed to be carried on is convenient or advantageous to the community. The use for which the citizen's land was authorized to be taken has always been such as the state itself might properly have performed.

Some of the states have, it is true, acted upon the principle set forth in Todd v. Austin, 34 Conn. 78.

Thus the courts of Massachusetts sustained what are called the mill acts, and similar acts have been sustained by the courts of Maine, Vermont, Connecticut, New Jersey, Minnesota, Michigan, and Kansas.

But the public character of such use is now denied: Maine, Jordan v. Woodward, 40 Me. 317; Georgia, Loughbridge v. Harris, 42 Ga. 500; Alabama, Sadler v. Langham, 34 Ala. 311; New York, Hay v. Cohoes Co. 3 Barb. 42; Michigan, Ryerson v. Brown, 35 Mich. 333, 24 Am. Rep. 564; California, Consolidated Channel Co. v. Central P. R. Co. 51 Cal. 269; Tennessee, Memphis Freight Co. v. Memphis, 4 Coldw. 419, and by the Supreme Court of the United States in Citizens' Sav. & L. Asso. v. Topeka, 20 Wall. 655, 22 L. ed. 455. It is doubted in Wisconsin, Powers v. Bears, 12 Wis. 213, 78 Am. Dec. 733.

In Tennessee before the doctrine was repudiated a grist mill was held to be a public use, but a saw mill or paper mill was not. Harding v. Goodlett, 3 Yerg. 41, 24 Am. Dec. 546.

No line can be drawn in favor of the manufacturer which would not open the coffers of the public treasury to the importunities of two thirds of the business men of the city or town. Citizens' Sav. & L. Asso. v. Topeka, 20 Wall. 655, 22 L. ed. 455.

There is no good reason for indulging the owners of mills over the owners of public groceries, hotels, or theaters. Jordan v. Woodward, 40 Me. 317.

The discovery of oil was a great event in Pennsylvania. Suppose each of the numerous producing companies had been granted the right of eminent domain to enable it to lay pipes for the transportation and marketing of its oil, would such grant have been sustained? It is true that a grant to public pipe lines has been sustained. West Virginia Transp. Co. v. Volcanic Oil & Coal Co. 5 W. Va. 382.

But the pipe line company was bound to carry every man's oil. It was not the transporter of its own product. It was therefore like a highway.

The case closest to the one at bar is that of the Bloomfield & R. Natural Gaslight Co. v. Richardson, 63 Barb. 437, where the question arose as to what is a public use in connection with the grant of the right of condemnation to a company chartered to supply a city with natural gas; and though in that case the

court sustained the act, the decision was largely put upon the ground that among other things the act contemplated the lighting of the streets with the gas so furnished, which was clearly within the police power. There is nothing of this sort in the act under discussion.

*Geo. Shiras, Jr.,* and *Schoyer, Jr.,* for appellees.—When the legislature has declared a public use, this will be conclusive, unless the contrary clearly appears.

Private property can only be taken pursuant to law, but a legislative act declaring the necessity, being the customary mode in which that fact is determined, must be held for this purpose to be the law of the land, and no further finding or adjudication can be essential. Cooley, Const. Lim. 4th ed. p. 657.

In Olmstead v. Camp, 33 Conn. 532, 551, 89 Am. Dec. 221, where the question was as to the constitutionality of the flowage act, *viz.:* whether land was taken for public or private use,—the court said that as to the question, what is the exact line between a public and a private use, there is no precise line; that the sole dependence is on the presumed wisdom of the legislature, controlled in cases of gross error or wrong by the courts.

The character of the work to be accomplished, or the thing to be supplied, and not the means or agencies employed in said construction or supply, is to be considered in determining what is a public use. Id.

Reddall v. Bryan, 14 Md. 444, 74 Am. Dec. 550, held that land can be taken over which to transport water to supply the public. Kane v. Baltimore, 15 Md. 240, decides that the supply of water to a community is public use.

In Norwich Gaslight Co. v. Norwich City Gaslight Co. 25 Conn. 39, the court recognizes the fact that streets, subject to the public easement, are private property, and yet sustain the right of the legislature to give the right to a gas company to lay pipes thereon, for the company's private gain.

In Harding v. Goodlett, 3 Yerg. 41, 24 Am. Dec. 546, it was held that a law of the state authorizing the taking the land of an individual for a grist mill, at which all the inhabitants of the neighborhood were entitled to have their milling done at a fixed rate and in turn, was a public use, though the land and mill were occupied by the proprietor alone, and he alone received the profits, and though no one could do his own grinding.

PER CURIAM:

It is a curious objection to set up against the act of May 29, 1885, in view of the present consumption of natural gas, that its use is not a public one, and that therefore those corporations which are engaged in its transportation may not be vested with the right of eminent domain. As well might this objection be urged against the vesting of this power in those companies which have been incorporated for the purpose of supplying our towns and villages with water, in which the public interest is found, not in the transportation, but in the use of that fluid, after it has, by these agencies, been transported.

Nor would it seem to us as of the slightest materiality that the water thus produced had been drawn from a single spring, well, or basin. Just so with natural gas; it has become a public necessity, but as it cannot be used except it be piped to the manufactories, and residences of the people, it follows that as the piping of it is necessary to its use, the means so used for its transportation must be of prime importance to the public, and directly affect its welfare.

The decree of the court below is affirmed and the appeal dismissed, at the costs of the appellant.